DAYTON BAR ASSOCIATION *v.* TODD.

[Cite as Dayton Bar Assn. *v.* Todd (1988), 36 Ohio St. 3d 206.]

(D.D. No. 87-22—Decided May 4, 1988.)

the board and hereby adopts its factual findings. We also concur in the board's conclusion that respondent's misconduct requires a severe sanction. We cannot ignore, however, the evidence suggesting respondent's compulsion to gamble, and that this compulsion contributed significantly to the circumstances from which this complaint arose. Moreover, we are impressed with the mitigating evidence which substantiates that, notwithstanding the instant misconduct, respondent's competence as a criminal defense practitioner is recognized by members of the judiciary and the prosecutor's office.

The foregoing persuades us that a sanction other than disbarment is needed in this case. Therefore, it is ordered that respondent be indefinitely suspended from the practice of law in Ohio. It is further ordered that no petition for reinstatement filed on respondent's behalf be considered for a period of two years from the date of this decision and then only upon the submission by clear and convincing proof of the following:

(1) that respondent has overcome any compulsive gambling condition with which he may be afflicted, such that he is demonstrably rehabilitated, and

(2) that respondent has made full restitution with respect to the matters which led to his convictions for violating R.C. 2913.11, as well as all sums owed due to respondent's involvement in efforts to purchase the Winner's Circle Bar.

Costs taxed to respondent.

*Judgment accordingly.*

*Carmine Garofalo,* for relator.
*Philip B. Herron,* for respondent.

*Per Curiam.* This court finds that respondent violated the aforementioned Disciplinary Rules indicated by

MOYER, C.J., SWEENEY, LOCHER, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. The misconduct proven in this disciplinary matter warrants a sanction of disbarment.